(No. 93-CV-0449–

*In re* APPLICATION OF EDGAR J. DONES

*Order filed March 26, 1993.*
*Opinion filed January 12, 1995.*
*Order on petition for reconsideration filed May 3, 1995.*

CHERYL B. DWORKIN, for Claimant.

ROLAND W. BURRIS and JIM RYAN, Attorneys General (CHARLES A. DAVIS, JR., and PAUL H. CHO, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM

This claim arises out of an incident that occurred on September 21, 1991. The Claimant, Edgar J. Dones, seeks compensation pursuant to the provisions of the Crime

Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq.*

This Court has carefully considered the application for benefits submitted on August 18, 1992, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That on September 21, 1991, the Claimant was shot. The incident occurred at a vacant warehouse located at 701 North Kilpatrick, Chicago, Illinois. The Claimant refused to provide any information about the incident to the investigating officer. As a result, the Chicago police department closed its investigation.

(2) That section 6.1(c) of the Act states that a person is entitled to compensation under the Act if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

(3) That it appears from the police report that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant, in that he refused to provide any information about the incident to the investigating officer.

(4) That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, he is not eligible for compensation thereunder.

(5) That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

JANN, J.

Claimant seeks to recover medical expenses under the Crime Victims Compensation Act, hereinafter referred to as the "Act." (740 ILCS 45/1, *et seq.*) Claimant's application was denied by order of the Court on March 26, 1993. The denial of the claim was based upon Claimant's failure to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant who shot Claimant.

Claimant requested a hearing in a timely manner and a hearing was held before Commissioner Phillip M. Turner on March 11, 1994.

Claimant testified that on November 9, 1981, he had been out drinking in several bars until closing time sometime between 2:00 a.m. and 4:00 a.m. and proceeded to a motorcycle "clubhouse" at 600 N. Kilpatrick, Chicago, Illinois. (Note the actual date of the incident per police report and hospital records was September 21, 1991.) Claimant was a member of the "D.C. Eagles" motorcycle club. The clubhouse belonged to another motorcycle club where Claimant did not actually know anyone. Claimant continued drinking for an unspecified amount of time and a number of persons unknown to Claimant came into the clubhouse after bars in the area closed.

As Claimant stood in a group of people he heard one or two shots and collapsed. He was wounded in the abdomen. His memory of the incident was unclear but he recalled hearing someone say "better take this guy to the hospital." A person unknown to Claimant helped him up and out of the club into a car. He was taken to Our Lady of the Resurrection Hospital where surgery was performed and he remained in intensive care for three days.

Claimant was unarmed at the time of the shooting and stated there had been no argument or altercation prior to the shooting.

Claimant was heavily medicated following surgery and had tubing in his nose and mouth, making communication virtually impossible. Claimant's mother and sister both testified that Claimant was unable to recognize them or speak for several days after surgery.

Claimant's attorney elicited testimony from Claimant, his mother and sister which clearly indicated Claimant was unable to discuss the incident with police officers who came to the hospital to investigate the case.

The police report and supplement report were introduced and admitted into evidence. Claimant's attorney disputed several aspects of the reports. Claimant's name was misspelled on two parts of the report, which resulted in considerable confusion when Claimant's attorney subpoenaed the report. It appears from testimony that this spelling error may have also resulted in problems Claimant's parents had in contacting the police to follow up on the investigation. We find Claimant made reasonable attempts to cooperate with the investigation in this matter.

The police reports indicate that an emergency medical technician at the hospital observed Claimant's arrival at the hospital and took down the license number of the car which had dropped him off. A computer check disclosed that the car was owned by Martin Joyce. Mr. Joyce was interviewed by police.

The police report indicates that "Mr. Joyce was at a party in a vacant warehouse at 701 N. Kilpatrick. The warehouse was being used as a clubhouse for the D.C. Eagles Motorcycle Gang. The warehouse was divided into three rooms. Joyce was in the bar area and the victim

was in the backroom where there was a pool table. Joyce heard a gunshot and then saw a male white walk from the backroom with an automatic handgun in his hand." Joyce drove the victim to the hospital.

Joyce, unfortunately, was not called by Claimant or the State to testify at the hearing. His testimony would have been most helpful in ascertaining the events of the morning in question. Claimant did not know Joyce and had never met him until the incident. Claimant never spoke to Joyce after the incident. Joyce did not know the person who shot Claimant.

Although Claimant's injuries are most regrettable, we must deny his claim. Claimant has failed to present competent evidence that a violent crime as defined by section 2(c) of the Act was committed. Claimant admitted he did not know what happened when he was shot. No other witnesses testified to support the contention that Claimant was intentionally shot. We have no evidence to determine whether the offender's actions constituted reckless conduct under 720 ILCS 5/12—5.

Claimant has also failed to substantiate his medical expenses. He testified that the bills totaled "around $30,000" but no bills were introduced into evidence or appear as part of the Court's file.

Claimant's attorney has also petitioned the Court for fees in the amount of $2,500. Pursuant to section 12 of the Act, counsel may not receive fees for his services in preparing or presenting the application before the Court of Claims. He may however, charge fees for representing the applicant at a hearing but only in such amount as the Court determines to be reasonable. Claimant's attorney appeared twice for hearings in this matter. We find Claimant's attorney is entitled to $750 in fees.

This claim is hereby denied and dismissed with prejudice.

## ORDER

Jann, J.

This cause comes on to be heard on Claimant's motion to reconsider, styled as "Motion to Vacate Order and for New Trial and Oral Argument." Respondent has not filed a response.

Claimant sought compensation pursuant to the Crime Victim's Compensation Act (the Act), 740 ILCS 45/1, *et seq.* Claimant's claim was denied by order of March 26, 1993. Claimant requested a hearing which was held on March 11, 1994. At said hearing Claimant provided evidence that he had, in fact, cooperated with law enforcement in the investigation and apprehension of his assailant to the best of his abilities. However, Claimant was unable to provide evidence that a violent crime as defined by the Act occurred. His testimony also raised questions as to whether Claimant was engaged in lawful activity (*i.e.,* possible trespass in an abandoned warehouse), at the time of his injury.

Claimant's testimony indicated that he did not know his assailant or anyone else at the scene of the incident. The person who took Claimant to the hospital, Martin Joyce, was unknown to Claimant. Mr. Joyce told police investigators he did not see what happened as he was in another room. Joyce did not know the person who shot Claimant. Claimant's claim was denied by opinion of January 12, 1995, for failure to meet a condition precedent under the Act.

Claimant objects to the Court's denial of the claim based upon failure to meet an additional condition precedent under the Act. Claimant has misinterpreted the Act. Each and every condition precedent must be met and

substantiated by Claimant in order to recover. Claimant is responsible for proving each element of his case and failure to prove any element is grounds for denial. Claimant's argument of surprise is further disingenous as the hearing transcript indicates that the Commissioner and Claimant's counsel, Claimant and the assistant Attorney General engaged in a discussion of the question of whether there was competent evidence of the commission of a violent crime as defined by the Act. Claimant offered no evidence in the discussion at hearing or in his petition for reconsideration which could substantiate his claim other than a vague statement that "testimony" would show reckless conduct was committed. No person was identified to provide said testimony nor was there any offer of proof by affidavit or otherwise.

Section 16 of the Act, "Modification of dispositions—Newly discovered facts" provides:

"* * * No hearing need be held, however, unless the written request states facts which were not known to the applicant or by the exercise of reasonable diligence could not have been ascertained by him at the time of the entry of the order sought to be modified and which would have directly affected the determination of whether or not compensation should be awarded and, if so, the amount of that compensation."

Based upon the foregoing, Claimant's petition for reconsideration is hereby denied.